█ In the Matter of the Claim of JOHN E. EPPRECHT, Appellant, v. CURTIS WRIGHT CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the claimant from a decision of the Workmen's Compensation Board refusing him an award for reduced earnings. It appears that on September 13, 1962 the claimant suffered a compensable injury to his back which resulted in a permanent partial disability, but after a month's absence resumed his duties as plant manager in October, 1962. In October of 1963 he was discharged by his employer and the reason for such discharge does not appear in the record. Thereafter he obtained his present work which pays less than the earlier employment. The record contains nothing to suggest that the claimant's present duties are in any way affected by his condition. It is evident that although he could no longer lift heavy weights, he continued in his previous employment for about a year before his discharge. In *Matter of Brown* v. *Incorporated Vil. of Old Brookville* (19 A D 2d 914) we held that under such circumstances a claimant was not entitled to an award for reduced earnings. The board found " that based upon the credible evidence claimant's loss of earnings was due solely to the termination of employment for reasons unrelated to his back condition." Decision affirmed, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.

20 E. J. TAYLOR et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41213.) — *Per Curiam*. Appeal by the State from a judgment of the Court of Claims awarding claimants a total of $6,000 plus interest as direct and consequential damages for the taking of a portion of a right-of-way located in Wawayanda, Orange County. The interest taken was the front portion of a right of way which afforded access to a drive-in theatre owned by claimants. The portion of the easement taken was improved by a widened paved entranceway, a sign and a marquee. Furthermore, as a result of the taking of the easement, the point at which the easement abutted the road was considerably narrowed. Claimants assert as a result of the narrowing there remained insufficient room for a sign or marquee necessitating their purchase of an adjoining piece of land to accommodate them. The trial court found total damages of $6,000, $2,000 of which were direct and $4,000 consequential damages. We have little difficulty in affirming the trial court's award for direct damages. This award is well within the range of the testimony as to the value of the interest and improvements taken. We cannot agree with the State's contention that claimant having only a right of way before, lost nothing as a result of the taking or alternatively that claimants did not own the sign or marquee. Claimants' deed of conveyance establishes a right to maintain the marquee and sign on the easement and with respect to the issue of title the language of the deed particularly when coupled with claimants' proof of possession establishes at least a prima facie title (see *Levin* v. *New York El. R. R. Co.*, 165 N. Y. 572, 574–575; 2 Nichols, Eminent Domain, § 5.2, subd. [3], p. 28), which the State has not dispelled. We find no basis, however, on which to sustain the award of consequential damages. Any consequential damages sustained were in effect due to more circuitous access and an award on this basis cannot be upheld (*Selig* v. *State of New York*, 10 N Y 2d 34; *Ottaviano* v. *State of New York*, 26 A D 2d 844 and cases cited therein). Judgment modified, on the law and the facts, to reduce the award to $2,000 with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.